UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| NILDA MESISTRANO D/B/A § <br> WORLD GROWERS DIRECT, § <br> § <br> Plaintiff, § <br> v. §    C.A. No.: 7:14-cv-477 <br> § <br> PINA RICA USA, LLC, a Texas § <br> Corporation, and FERNANDO § <br> ARELLANO NUNEZ, an Individual, § <br> § <br> Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff NILDA MESISTRANO d/b/a WORLD GROWERS DIRECT, ("World Growers"), for its Original Complaint against Defendants PINA RICA USA, LLC ("Pina Rica") and Fernando Arellano Nunez (Mr. Arellano and Pina Rica, collectively referred to as "Defendants") alleges and states as follows:

### I.
### JURISDICTION AND VENUE

1. Plaintiff is now and at all times, a California general partnership with its principal place of business located in Santa Rosa, California. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce. At all times relevant herein, Plaintiff was subject to and licensed under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499a *et seq*.

2. Defendant Pina Rica is a Texas limited liability corporation with its principal place of business in McAllen, Texas. Pina Rica may be served with process through Mr. Arellano, its registered agent, at 2501 W. Military Highway, Suite A-24, McAllen, Texas 78503.

At all relevant times, Defendants were dealers subject to and licensed under the provisions of the PACA.

3. This Court has jurisdiction of this case pursuant to section 2(4) and 5(c) of the PACA, as amended [7 U.S.C. § 499b(4) and § 499e(c)(5)] (federal question).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in McAllen, Texas and Defendants maintain their principal office in McAllen, Texas.

5. All conditions precedent to the relief sought herein have been performed, occurred, or have been waived.

## II.
## COUNT 1
## BREACH OF CONTRACT

6. World Growers realleges and incorporates by reference paragraphs 1 through 5 of this Complaint as though fully set forth in this paragraph 6.

7. In November of 2013, in a series of transactions, World Growers shipped and delivered to Defendant Pina Rica, perishable agricultural commodities as reflected in the invoices and bills of lading attached hereto as Exhibit A.  Defendant accepted said shipments.

8. World Growers forwarded to Defendant Pina Rica invoices for said transactions that set forth the amounts owed by Defendant Pina Rica for the product purchased from World Growers.  See Exhibit A.

9. World Growers has demanded that Defendant Pina Rica pay the sums that are due and owing under these invoices.  Defendants acknowledged the amounts owed and due to World Growers.

10. Defendant Pina Rica has subsequently failed and refused and continue to refuse to pay, World Growers for the perishable agricultural commodities purchased by Defendant. Defendant Pina Rica's failure to pay the amounts due and owed to World Growers is a breach of contract.

11. World Growers has performed all conditions, covenants, and obligations required to be performed by them under the agreements for the sale of the product to Defendant Pina Rica.

12. As a direct and proximate result of failure to remit payment due to World Growers as described above, World Growers has suffered losses in the amount of $31,188.00.

### III.
### COUNT 2
### BREACH OF DUTY TO PAY UNDER THE PACA

13. Plaintiff realleges and incorporates by reference paragraphs 1 through 12, inclusive of this Complaint as though fully set forth in this paragraph 13.

14. At all times relevant, Defendant Pina Rica was engaged in the handling of perishable agricultural commodities in interstate and/or foreign commerce as commission merchants, dealers and/or brokers and was subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States pursuant to the PACA.

15. Under Section 2(4) of the PACA [7 U.S.C. § 499b(4)], it is unlawful in or in connection with any transaction in interstate or foreign commerce for any commission merchant, dealer, or broker to:

> fail or refuse truly and correctly account and make fully payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had; or to fail, without reasonable cause, to

perform any specification or duty, express or implied, arising out of any undertaking in connection with any such transaction....

16. A private cause of action to enforce Section 2(4) of the PACA [7 U.S.C. §499b(4)] is provided by Section 5(b) of the PACA [7 U.S.C. § 499e(b)]. The statutes states that any merchant, broker, or dealer violating Section 2 of the PACA [7 U.S.C. § 499b] shall be liable to the persons injured for the full amount of the damages. Such claims may be enforced through a complaint to the U.S. Secretary of Agriculture or any court of competent jurisdiction.

17. World Growers has provided Defendant Pina Rica with invoices for the perishable agricultural commodities delivered to Defendant Pina Rica. See Exhibit A.

18. World Growers has demanded that Defendant Pina Rica pay the sums that are due and owing under these invoices. Defendant Pina Rica has failed and refused and continues to refuse to pay World Growers for the perishable agricultural commodities purchased by Defendant. Under the PACA, Defendant Pina Rica has a duty to pay World Growers in a timely manner. Defendant Pina Rica's failure to pay and its breach of contract are violations of Defendant Pina Rica's duty to pay under the PACA.

19. World Growers has performed all conditions, covenants, and obligations required to be performed by it under the agreements for the sale of the perishable agricultural products to Defendant Pina Rica.

20. As a direct and proximate result of Defendant Pina Rica's breach of duty to pay, World Growers has suffered losses in the amount of $31,188.00.

## IV.
## COUNT 3
## ENFORCEMENT OF REPARATION AWARD

21. World Growers incorporates by reference the allegations contained in paragraphs 1 through 20 above as if set forth in this paragraph 21.

22. World Growers filed a timely complaint against Defendant Pina Rica USA, LLC with the Secretary of Agriculture, United States Department of Agriculture, pursuant to the Rules of Practice under the PACA (7 C.F.R. §§ 47.1-49) to collect the sums due it from Defendant Pina Rica, as stated hereinabove.

23. On April 29, 2014, the USDA issued a Reparations Award in favor of Plaintiff World Growers and against Defendant Pina Rica in the amount of $31,188.00, plus interest at the rate of .11 per centum per annum from January 1, 2014 until paid, plus the amount of $500 in costs before the USDA. A copy of the Reparations Award is attached as Exhibit B. Defendant Pina Rica has failed and refused to pay the Reparations Award, despite demands therefor.

24. As a result and pursuant to Section 7(b) of the PACA, Defendant Pina Rica owes to Plaintiff World Growers $31,188.00, plus interest and costs as stated in the Reparations Award, plus Plaintiff's reasonable costs and attorney's fees incurred in the instant action to collect same. World Growers seeks to enforce such reparations award.

V.
COUNT 4
ENFORCEMENT OF STATUTORY TRUST
PROVISIONS OF PACA AGAINST ALL DEFENDANTS

25. Plaintiff realleges and incorporate by reference paragraphs 1 through 24, inclusive of this Complaint as though fully set forth in this paragraph 25.

26. At all times relevant Defendants were engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)]. Defendants are subject to the provisions of the PACA.

27. The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of interstate and/or foreign commerce.

28.     Pursuant to the regulations promulgated under PACA [7 C.F.R. § 46.46(f)(3)] placed the following legend on each invoice which was sent to Defendants.

> The perishable agricultural commodities listed on this invoice are subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act 1930 (7 U.S.C. 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.  Interest and Attorney's fees necessary to collect any balance due hereunder shall be considered sums owing in connection with this transaction under the PACA Trust.

29.     Pursuant to 7 U.S.C §499e(c)(1)-(4) of the PACA, upon delivery of its invoices by Plaintiff to Defendants, Plaintiff became the beneficiary of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

30.     Pursuant to the statutory trust provisions of the PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff has performed and fulfilled all duties required to preserve their PACA trust benefits in the total amount of $31,188.00, plus interest, in all PACA trust assets under the control of or in the possession of Defendants.

31.     Pursuant to the PACA, Defendants are the statutory trustees of the PACA trust assets in their possession or under his control.  The PACA trust requires the Defendants to hold and preserve all goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff.  Defendant Mr. Arellano is a responsibly connected person under PACA with respect to Defendant Pina Rica and as such is charged with a duty to maintain and preserve the PACA trust assets.  Plaintiffs are informed and believe and thereon alleges that Defendants have failed to maintain the trust assets and keep them available

to satisfy Pina Rica's obligations to Plaintiff all in violation of section 499(b)(4) of the PACA and the regulations enforcing the PACA trust provisions, 7 C.F.R. § 46.46.

32. Defendants' failure to hold in trust for the benefit of Plaintiff such perishable agricultural commodities received by them from Plaintiff and all inventories of food and other products derived from said perishable agricultural commodities, and any receivables or proceeds from the sale of said commodities, until full payment of the sums owing to Plaintiff for said commodities and demanded by the Plaintiff constitutes a defalcation by Defendants while they were acting in fiduciary capacities.

33. As a direct and proximate cause and result of the wrongful acts and omission of all Defendants as alleged above, World Growers has the cumulative loss of $31,188.00, plus attorney's fees, costs and interest, all of which qualify for protection under the PACA trust.

**WHEREFORE**, Plaintiff requests judgment as follows:

### COUNT 1
### BREACH OF CONTRACT

1. For damages in the cumulative amount of at least $31,188.00; and

2. For such other and further relief as the court may deem just and proper.

### COUNT 2
### BREACH OF DUTY TO PAY UNDER THE PACA

1. For damages in the cumulative amount of at least $31,188.00;

2. For finance charges and/or interest thereon at the highest legal rate from the date the obligation became due and payable to World Growers;

3. For reasonable attorney's fees and costs of suit incurred herein; and

4. For an order requiring Defendant to immediately account for and pay World Growers the amount of $31,188.00.

## COUNT 3
## ENFORCEMENT OF REPARATION AWARD

1. For an order requiring Defendant Pina Rica to immediately pay the reparation award against it to World Growers in the cumulative amount of $31,188.00.

2. For finance charges and/or interest thereon at the rate of .11% from January 1, 2014 date the obligation became due and payable to Plaintiff;

3. For reasonable attorney's fees and court costs incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

## COUNT 4
## ENFORCEMENT OF THE PACA TRUST

1. For an order requiring Defendants to segregate PACA trust assets in the amount of $31,188.00, plus interest and attorney's fees

2. For a judgment against all Defendants in the amount of $31,188.00 plus interest in favor of World Growers and attorney's fees

3. For such other and further relief as the Court may deem just and proper.

Dated: June 11, 2014.

Respectfully submitted,

s/ Craig A. Stokes_____
Craig A. Stokes – Texas Bar No. 19267700
*Attorneys for Plaintiffs.*
Stokes Law Office LLP
3330 Oakwell Court, Suite 225
San Antonio, TX 78218
Telephone (210) 804-0011
Facsimile (210) 822-2595
E-Mail: cstokes@stokeslawoffice.com

*Attorneys for Plaintiff Nilda Mesistrano d/b/a World Growers Direct*